IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TIMOTHY W. STRATTON                            PETITIONER

v.                                                      No. 1:20CV163-GHD-RP

JOE ERRINGTON                                   RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Timothy W. Stratton for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mr. Stratton has responded to the motion, and the parties have submitted additional briefing. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed with prejudice as untimely filed.

## Facts and Procedural Posture

On May 24, 2012, a jury found Timothy W. Stratton guilty of two (2) counts of sexual battery, and on June 12, 2012, the Lee County Circuit Court sentenced him to serve life in the custody of the Mississippi Department of Corrections ("MDOC"), without the possibility of parole in each count, to run concurrently. *See* State Court Record ("SCR"), Cause No. 2012-KA-01010-COA, Case Folder, pp. 140-141. Mr. Stratton appealed, and on February 25, 2014, the Mississippi Court of Appeals affirmed his convictions and sentences. *See Stratton v. State*, 132 So.3d 1074 (Miss. Ct. App. 2014). He did not file a motion for rehearing.

Nearly two years after his convictions and sentences were affirmed on direct appeal, Mr. Stratton filed a Motion for Post-Conviction Collateral Relief ("PCR") on February 11, 2016, in the Mississippi Supreme Court, Cause No. 2016-M-00217. *See* SCR, Cause No. 2016-M-00217,

Misc. Case Folder, pp. 111-134. He argued that the jury was not instructed on the element of venue; the Mississippi Supreme Court denied the PCR motion on August 4, 2016, finding:

> [I]ssues which ... could have been presented on direct appeal or at trial are procedurally barred and cannot be relitigated under the guise of poor representation by counsel. ... Notwithstanding the procedural bar, sufficient evidence was introduced that the crimes occurred in Lee County, as the indictment charged. An investigator with the Lee County Deputy Sheriff's Department testified that the crimes occurred in Lee County, and the victim testified that the crimes occurred at the Strattons' residence in Tupelo.

Id. at pp. 105-16 (internal citations omitted).

On November 19, 2018, Mr. Stratton filed his second "Application for Leave to File Motion for Post-Conviction Relief" in Cause No. 2016-M-00217. The Mississippi Supreme Court denied the motion on March 14, 2019, finding that his claim did not meet any recognized exception to the time, waiver, and successive-writ bars. *Id.* at pp. 44-46. After the Mississippi Supreme Court denied the Mr. Stratton's second PCR, he filed a Motion for Rehearing on April 1, 2019, which the court denied on April 25, 2019. *See* Exhibit B (April 25, 2019 Order in the Mississippi Supreme Court, Cause No. 2016-M-00217). He then filed a Petition for a Writ of Certiorari in the United States Supreme Court on May 22, 2019, Docket No. 19-5169, appealing the Mississippi Supreme Court's denial of his second PCR, which the Court denied on October 7, 2019. *See* SCR, Cause No. 2016-M-00217, Misc. Case Folder, p. 30.

On November 25, 2019, Mr. Stratton filed his third "Application for Leave to File Motion for Post-Conviction Relief" in Cause No. 2016-M-00217. The Mississippi Supreme Court denied the motion on February 27, 2020:

> Here, Stratton argues that his constitutional rights were violated because the jury instructions omitted venue. He raised this same issue in his prior applications. Once again, we find that the claim does not meet any recognized exception to the time, waiver, and successive-writ bars. ... And even if it did, it lacks any arguable basis to surmount the bars. ... As stated in the order denying Stratton's last application, we

- 2 -

"will not consider venue questions raised for the first time in post-conviction proceedings.

Id. at pp. 2-4. (internal citations omitted).

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2). Mr. Stratton did not file a motion for rehearing; and, as such, his convictions became final on March 11, 2014, fourteen (14) days after the Mississippi Court of Appeals affirmed his convictions and sentences. Miss. R. App. P. 40(a); *see Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003); *see also* § 2244(d)(1). The deadline for Mr. Stratton's petition for a writ of *habeas corpus* thus became March 11, 2015 (March 11, 2014 + 1 year).

## No Statutory Tolling

All of Mr. Stratton's state motions for post-conviction collateral relief were filed after March 11, 2015, the date that his one-year federal *habeas corpus* limitations expired. As such, he is not

- 3 -

entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) during the pendency of those state post-conviction actions. His deadline to file a federal *habeas corpus* petition remained March 11, 2015.

## No Equitable Tolling

Nor may Mr. Stratton rely on equitable tolling to render the instant petition timely. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). The "AEDPA's filing provision is not jurisdictional but, instead, is a statute of limitations that, like all limitation statutes, could be equitably tolled." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (internal citations omitted); *see also United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (applying equitable tolling to one-year limitations period in 28 U.S.C. § 2255(f)). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one[-]year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing

- 4 -

his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). A petitioner's delay of even four months shows that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Mr. Stratton argues that he can show cause for his untimeliness and that he will experience a fundamental miscarriage of justice if the court does not consider the merits of his claims. Doc. 2, p. 5. He argues that his petition is untimely because counsel "abandoned" him; it took he and his family time to locate counsel (through the Mississippi Bar), and during that time, the limitations period expired. *Id.* at 5-6. He argues that, after the Mississippi Court of Appeals affirmed his conviction, counsel "abandoned" him by failing to file a Motion for Rehearing or Petition for Writ of Certiorari. See SCR, Cause No. 2012-KA-01010-COA, Case Folder, pp. 7-8. As to this issue, the Mississippi Supreme Court held:

> Stratton has presented no evidence that his counsel abandoned him. Without such evidence, this argument is without merit, as appellate counsel is not required to file a motion for rehearing unless counsel finds arguable issues to raise. Further, Stratton does not allege that he was not notified of this Court's decision or was prevented from timely filing a *pro se* rehearing motion.

*Id.* at pp. 3-4.

The Fifth Circuit has addressed the issue of attorney abandonment in the context of equitable tolling:

> In *Holland*, the Supreme Court concluded that petitioner had shown reasonable diligence by: "wr[iting] his attorney numerous letters seeking crucial information and providing direction"; repeatedly contact[ing] the state courts, their clerks, and the Florida State Bar Association in an effort to have [his attorney]—the central impediment to the pursuit of his legal remedy—removed from his case; and "prepar[ing] his own habeas petition pro se and promptly fil[ing] it with the District Court" on "the very day that [he] discovered that his AEDPA clock had expired due to [his attorney's] failings." *Id.* at 2565. We recently applied *Holland's* teachings in *Manning v. Epps*, 688 F.3d 177 (5th Cir. 2012), and *Arita v. Cain*, 500 Fed.Appx. 352

(5th Cir. 2012) (per curiam). In *Manning*, we concluded that a petitioner had not shown reasonable diligence because, for a period of 19 months after he knew his conviction had become final, he relied on his appointed attorneys to file his *habeas* petition without directing them to file the petition or inquiring into its status. 688 F.3d at 184–86. In *Arita*, we concluded that a petitioner had not shown reasonable diligence because he "never instructed [counsel] to file a [state or] federal habeas petition"; did not discharge non-responsive counsel until seven months after the filing deadline had passed; waited more than a month to file his state habeas petition after hiring new counsel; and did not file a "protective" federal habeas petition preserving his federal remedies until his state remedies had been exhausted. 500 Fed.Appx. at 353–55. These cases establish that "petitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation," *Manning*, 688 F.3d at 185, and serve as guideposts for what constitutes reasonable diligence in the face of attorney abandonment.

*Palacios v. Stephens*, 723 F.3d 600, 606–07 (5th Cir. 2013).

Mr. Stratton has not shown the type of diligence described in *Palacios* in pursuing relief in state court. A letter Stratton provided reflects that he did not reach out to his attorneys (both Taylor and Stennett) until March 2, 2016 – some two years after the Mississippi Court of Appeals affirmed his convictions and sentences on February 25, 2014. *See* Doc. 2, p. 15. In addition, Mr. Stratton has not shown that he suffered legal harm when appellate counsel chose not to file any motions for post-conviction relief, as Stratton filed three pro se PCR motions. See Cause No. 2016-M-00217, Misc. Case Folder. In addition, Mr. Stratton waited nearly two years after his convictions and sentences were affirmed by the Mississippi Court of Appeals to file his first PCR motion. Hence, Mr. Stratton has not shown reasonable diligence as described in *Palacios*, and has thus presented no "rare and exceptional circumstances" sufficient to invoke equitable tolling.

## Timeliness Calculation

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d

1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, Mr. Stratton signed the instant petition on August 6, 2020, and it was filed in this court the same day. His federal petition was thus filed over five years after the March 11, 2015, filing deadline. For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 24th day of August, 2021.

_____
SENIOR UNITED STATES DISTRICT JUDGE